### D. MESSNER v. WILLIAM LEWIS AND OTHERS.

Where the appeal bond described the final judgment as the one appealed from, and there was no notice of appeal in the record, except from an order overruling a motion to quash an attachment, which had been obtained, the appeal was dismissed.

Appeal from Washington. Tried below, before the Hon. R. E. B. Baylor.

Suit by appellees against appellant, on note and account, commenced March 20th, 1855 ; attachment obtained same time, returned levied on a stock of merchandize. Motion, October 4th, 1855, to quash the attachment. Motion, April 16th, 1856, to quash an amended return of the attachment. April 17th, came the parties, &c. ; motion to quash and demurrer overruled, and thereupon, &c. ; judgment for plaintiffs for a certain amount "and that they have execution." Oct. 24th, 1856, by consent, entry made *nunc pro tunc*, of overruling of the defendants motion to quash the attachment, to which opinion of the Court, overruling said motion, the defendant ex-

cepts, and prays his exception be noted on the record, which is accordingly done, and the defendant gives notice of an appeal to the Supreme Court, which is granted in the terms of the law.

The appeal bond recited the recovery of the judgment for the amount thereof on the 17th of April, 1856, from which said judgment the said Messner has prayed an appeal &c. ; now if the said Messner shall prosecute the said appeal with effect, &c.

Appellees objected to the entertainment of the appeal, on the ground that there was no appeal except from the overruling of the motion to quash the attachment, which was an interlocutory order from which an appeal would not lie.

*Giddings & Giddings*, for appellant.

*A. M. Lewis* and *G. W. Horton*, for appellees.
(No brief on motion to dismiss.)

WHEELER, J. This appeal was taken from the overruling of the motion to quash the attachment. The notice of appeal refers to that ruling, and has no reference to the final judgment. It cannot be held to apply to the final judgment, thereafter rendered. The appeal bond describes the final judgment as the one appealed from ; but there is, in the record, no notice of such appeal. Notice of appeal is essential to give this Court jurisdiction of the case, on appeal. (1 Tex. R. 199 ; 6 Id. 76.) It is wanting in the present case.

The judgment upon the motion to quash the attachment was an interlocutory judgment, from which an appeal does not lie : (2 Tex. R. 163, 529 ; 8 Id. 341.,) if it did, the bond would not sustain the appeal in this case ; for it describes, not the judgment appealed from, but a different judgment. There is a discrepancy between the judgment appealed from and the

bond, which, of itself, would be fatal to the appeal. But, because there is no notice of appeal from the final judgment, the appeal must be dismissed.

Appeal dismissed.